We have a very interesting set of cases, but we will appreciate it if you adhere to the time limits. When a yellow light comes on on the podium, you have two minutes. When the red light comes on, we ask you to conclude your argument unless you're answering a question from the court. Also, we're familiar with the briefs and record excerpts, but we have not necessarily read the entire record in the cases. So if you give us record citations we are very much appreciative. With that, we call the first case of the morning, number 24-40703, U.S. v. Jimenez and Mr. Bennett. May it please the court. Good morning. My name is Mark Bennett and I represent Mr. Jimenez. Now, Mr. Yanis filed the brief. Yes, Your Honor. Okay. Mr. Yanis was unable to travel for argument and he asked that I step in for him for the argument. Okay. Well, I don't have a problem with it. I was just noting it. Thanks. Well, the downside is that I probably am not as familiar with the briefs as Mr. Yanis would have been, though I'm doing the best that I can.  When I was in law school, when I was in contracts one year, I had David Dow, whom you all know, for a contracts professor. And I did well in the class, but in the final exam, I got objective and subjective mixed up every time I used the words in contracts. And the two words have always stymied me. And so I want to disambiguate here and talk about what we mean when we say that the sixth dost factor should be analyzed objectively versus subjectively. Objectively, what I mean is by the four corners of the depiction that's produced. By subjectively, I mean looking at the intention of the person who is causing the production of the image. And I'm sorry, I don't need uninterrupted time if the Court has questions. I'm here to answer the Court's questions, and please do jump in at any point. Why should we adopt an objective standard for that sixth dost factor when it has not yet been done? The reason is that Congress defined child pornography in terms of the conduct that's depicted. That is, that child pornography is a depiction of lascivious conduct. It's not a lascivious depiction of conduct. And I recognize that this ship has sailed with the adoption of the dost factors everywhere but the DC circuit in Hilly. But adopting a subjective standard, that is to say, an image is child pornography if in the head of the person who creates it, it's lascivious, is one step farther away from the language that Congress wrote when it wrote the definition of child pornography, which is a depiction of, among other things, lascivious conduct. Well, tell me precisely which definition you are challenging here. It's not a challenge to a definition, Judge Jones. Right. It's that the definition of child pornography encompasses various sorts of conduct. And the, I believe it to be the sixth, no, the fifth type of conduct is lascivious exhibition of the genitals. Is that in section 2251, 2256? Yes. I'm sorry to interrupt. It's 2256. 2256-8 to be precise. Is that right? Yes, Your Honor. Okay. And I had to map the statutes myself, so I understand. It's a challenge because not only do you have 2251-A and 2240, 2422, 2242, I'm sorry, 2242, but they forbid the same thing, right, that the enticement of a child to create child pornography is a crime under either statute because it's an attempt to create child pornography. Mr. Jimenez was not proven at trial to have been attempting to produce what would be child pornography. And the difference between what he was attempting to entice the child to produce and child pornography lies within the four corners of the image that he was trying to get produced. He asked for an image of the top part of her pubic region. Now, an image of pubic region, if lascivious, if the depiction is lascivious under the DOST factors, would be child pornography. However, the top portion might be, might not be. Mr. Jimenez in the briefs cited the rule of lenity. I think that this is a beyond a reasonable doubt problem. Before we get there, Counsel. Of course. Can you provide an objective example of a photograph of a 13-year-old girl's pubic area that is not a lascivious exhibition? Sure, absolutely. Art through the centuries has depicted the nude female form. And you could have a chaste depiction of the top, at least, of the pubic area. In fact, that might be something that's not covered by a bikini, that a person might be wearing a bikini and the woman might be wearing a bikini and it might cover enough that it's not lascivious, it's not intended to, it's not intended to show everything off, but it's still an exhibition of the pubic area. So are you making, are you arguing sufficiency of the evidence or are you arguing about the meaning of the term? It is ultimately a sufficiency of the evidence claim, Judge Jones. Okay. It has to be, because it was made in a Rule 29 motion. Rule 29 motion is, is there enough evidence to prove this case? Subsidiary to that is the question of the meaning of the term, but not even really the meaning of the term, Judge Jones, because we've departed from the meaning of Congress's statute already with the DOST factors. That is, an image can be child pornography even though it's not, it wasn't a lascivious exhibition of the genitals. That is, when the, for example, we take for example an adult filming a child in the shower. The child is not doing anything lascivious, the child is simply showering, but then the adult takes the image and the adult, say, manipulates it to focus on the genital area, to make it, to change the lighting, to make it appear that the child is doing something lascivious. Well, that's child pornography. And that's the difference between the Steen case, in which this court said that just taking pictures of the, the pubic area is not child pornography, and a case such as the unpublished Taylor case from the last year or so in which we addressed this issue, where the, the images were actually being manipulated by the defendant after they were being taken to make them appear to be the lascivious exhibition. So... But what about the intent aspect of the sixth factor? Don't we have objective evidence in the record of the intent, all of the context, all of the texts back and forth? Why isn't that enough to show the intent that it elicited a sexual response in the viewer? It was an intent, it's an excellent question, and we do have that objective evidence. He definitely was seeking this image in order to arouse or gratify himself. But that's not within the four corners of the image. We don't have an image. Correct, correct. It's not in the four corners of the image as he was soliciting it. And that's a great point, Judge Ramirez, that, that we don't have an image, so in, in terms of what crime he was enticing, what crime, or whether he was enticing a crime, we just, we just have his words to look at. What was he, let me give you a counter... Well, aren't the words objective? We have objective evidence in the record, and the words were very clearly, very clearly showing that he intended this image to be for his sexual gratification. Absolutely, but that would be a subjectively lascivious exhibition. It wouldn't be an objectively lascivious image. Let me give you two counterexamples, please. The first is, imagine that he says, I want you to pose yourself with your legs spread and take a picture. Well, that would be, within the four corners of what he's asking for, he's asking for a lascivious exhibition. The other example, which would definitely not be a lascivious exhibition, would be, let me see a, a, take a photo like you'd take for a doctor. But he didn't say any of that. I know. He said, I want a picture for this purpose. Send me a picture of this part of your body. Why is that not sufficiently objective for us to find that it meets this sixth factor? It's subjective in that it's his, what he intends to do with it that we're looking at. That's what makes it subjective. But objective, looking at the four corners of the image that he requested, the, it could be an image that was representative of art. It could be a chased image that he was going to use for lascivious purposes. Well, he didn't say I'm working on an art book. He didn't say I, I do sketches. He, he was very graphic in what he wanted this picture for. Well, he wanted the top part of her, of her pubic area as far as, but yes, he was graphic in what he wanted it for. But that's a subjective test. If you look at the image and say, okay, it look, it could be a chased image or, but this guy was going to use it for, for arousal or gratification. That's a subjective test. That's what we're advocating for is if, if you, we don't have the image, first of all, but, but imagine that we have the image, you would just look at the image and say, is that a lascivious exhibition? Rather than saying, did he intend to use it for lascivious purposes? I saw out of the corner, Judge Stewart, did you have a question? No, sir. Okay. I, I thought I saw movement out of the corner of my eye. Listing and learning. All right. If he doesn't, I have another one. Of course. Can we talk about the first issue, whether the district court erred in denying his motion for judgment of acquittal by interpreting sexual activity. Was this argument raised below? Yes. That's not a, that's, I know. Convincing answer. I, it's, I, I think that plain error has to apply in order for that argument to, to succeed. Okay. However. If plain error, so, so are you conceding that plain error applied? I can't concede anything because I didn't write the briefs, but as the lawyer standing before you, I'd rather talk about plain error than talk about whether that was preserved. Okay. So if we're talking about plain error, given that our circuit, and would you agree that our circuit has not definitively addressed this issue? Yes. And would you agree that there's somewhat of a split between the 7th and the 4th and 11th circuits on the definition of, on interpreting whether sexual activity requires physical contact? Yes. So if the standard is plain error, our circuit has not addressed it, and there is a split amongst the circuits that have, then how can we find that there's plain error? I wrestled with this, and I think the answer is that this is a subsidiary question. The main question is, was the evidence legally sufficient? A subsidiary question is, what does this word mean? And this circuit doesn't have to have already decided what the word means. If the circuit now decides, now agrees that that's what the word means, agrees with the corpus linguistics analysis, then the error is plain because the evidence was insufficient to prove an attempt to entice sexual activity. Definitionally, how can it be plain, P-L-A-I-N, if it's taking you all those contortions of words in order to articulate what it is? How in the world can it be, quote, plain if we have to go through corpus linguistics about an image to say what it is? So post what you're holding, we'll say from now and evermore, this is it. And the trial judge had no benefit of knowing that. So how in the world can it be plain error on, you're just stuck. I get it. It doesn't matter who wrote the brief. You're just stuck like Chuck, as they say. You know, you're just, you're hemmed in on a plain error. I mean, it'd be a slippery slide if you weren't, but plain error just sort of greases it. You don't have to concede it, but, you know, your facial expression acknowledges the fact. I like the second issue better, Judge Stewart, honestly. As someone who likes the court, has read the briefs and studied them and read the record excerpts and seen the law that's reflected there, I like the second issue better. And the second issue is a better issue because by adopting a subjective standard for whether it's a lascivious exhibition, whether it's a lascivious depiction, in fact, this court moves even farther away from the language of Congress's statute. Well, I guess the question might be, maybe there is some better case, quote unquote, to engage, you know, what you're saying, assuming arguendo there's some traction to it. But it's certainly debatable whether this is the case. On the... Or, yeah. On the first issue. Yeah. I agree. I would rather that it had been preserved at trial. I didn't try the case. I think that the lawyer who briefed the case did the best job that he could. I don't mean necessarily because it's plain error, but just in the context of what we have, as Judge Ramirez threw you out, in terms of the scenario, what he said, the question would be, even if we were so inclined to launch into a spit, you know, we always ask the question, is this the best case, though, in which to argue? We write for many audiences, and the district court judges are very important audiences, so for us to say, gotcha, you know, this is plain error, you should have seen it, that wasn't sufficient error, that's a hard one. These facts are terrible. These facts are terrible, and I... There probably will be a better case at some point to address the corpus linguistics argument. I think we win on the second issue, and the second issue is when he is soliciting an image, if he says, I want an image of your shoes, that's, even though he says it'll really excite me to get an image of your shoes, that's not a lascivious exhibition. Do this for me. Succinctly articulate what the holding from this panel would be if you were to prevail. Whether an image is a lascivious depiction of the exhibition of the genitals depends on the four corners of the exhibition, of the depiction, excuse me. One can tell from looking at a depiction whether it is a lascivious exhibition or not, and one does not have to go into the mind of the person who created or sought to create the depiction in order to determine whether the image is a lascivious depiction. And our district judges are going to understand what we say, right? I think probably so. I can... That was a rhetorical question. It doesn't seem rhetorical to me, Judge Stewart, and we can address that more on rebuttal if the court would like. You were responsive to my question. It's just like sometimes we say certain things weren't right, and that's why I asked, well, what would the holding be? And so, at least for my ears, the way you had to articulate what that holding would be is interesting, that's all, but you were responsive to my question. To that, I appreciate it. All right, thank you. I'll see you in a few minutes. Yes, sir. Thank you. Thank you, Mr. Sina. Good morning, Your Honors, and may it please the Court. Javier Sinha on behalf of the United States. I'd like to begin with the second issue, if that's okay with the Court. There was more than sufficient evidence here to show that Jimenez was attempting to persuade, induce, entice, or coerce a minor. Now, just let me stop you there. So this is sufficiency of the evidence, but count one was a violation of 2422B, right? That's correct, Your Honor. Okay, so that's why I had to map it, because as I understood it, you went from 2422B to 2427 to 2251A. Is that essentially right? That's correct, Your Honor. Sexual activity in 2422B is partially defined by Section 2427. Right. I'm sorry. And then sexual activity in this case was a violation of Section 2251A and E, which prohibits using, employing, or enticing, essentially, a minor to engage in sexually explicit conduct, which is defined in Section 2256, subsection 2A, Roman F-5, which describes it as lascivious exhibition. So it's a long, sort of complicated web, but essentially the question here, as the district court explained, was did Jimenez attempt to persuade, induce, entice, or coerce MV1 to engage in the lascivious exhibition of her genitals or pubic area? Why isn't it 2256A, 8, or 2? No, 2256, 8. So 2256, 8A defines child pornography, which is also defined as in part the sexually explicit conduct, which is then defined by Section 2256, 2A, Roman F-5. So the question here is essentially they all interconnect in the statutory scheme. So the question is essentially what does the phrase, or at least as Jimenez has put it in his briefs, what does the phrase lascivious exhibition of the genitals or pubic area mean in Section 2256, 2A, 5? I think there's some confusion first, as this Court mentioned. There is no image to look at here, and so his argument that we should look at the four corners at the very least doesn't really make much sense, especially because Section 2422B, the focus of that statute is not on the image itself. It's on the defendant's conduct. What was he attempting to persuade, induce, entice, or coerce the minor to do? The exhibition is something that he's persuading a minor to do. It's not something that just exists by itself. So looking at the evidence here, there's more insufficient evidence to show that what he was persuading or enticing this minor to do was engaging in a lascivious exhibition. He had engaged in the minor with a lengthy and sexually explicit conversation. He had sent her multiple photos of his penis. She had sent him photos of herself in return. He asked multiple times for photos of her breasts and pubic area, and he indicated to her multiple times that he wanted these photos for his sexual satisfaction. The district court had more insufficient evidence to find that what he was attempting to persuade, induce, entice, or coerce her to do was send him a lascivious exhibition. And so I think that's the main issue in this case, that the question is what was he trying to do, not what the image would have been. That being said, even if this Court were to look at the image, I think there's some confusion about the objective versus subjective standard. We agree it's an objective standard. We do not agree that that means the Court can only look to the four corners of the image. It's an objective question, but this Court has already said it can look to the context of the image in determining whether or not it's a lascivious exhibition. And that's a jury question for the jury to make here. As this Court said in Wilkerson, the purpose of the image of the photograph matters. As this Court said in Steen, where the photograph is kept, what the defendant does with the photograph, whether the defendant has a criminal history, all these things are factors a jury can take into account when determining the lascivious exhibition of an image. I'm happy to discuss this issue more if the Court has any questions, but I think that's most of what we believe is relevant here. If the Court has any questions about Issue 1, I'm happy to discuss it as well. I think Humana has basically, in this Court, admitted that if this plain error applies here, we would be on Issue 1. We agree with that, Your Honor, as we're happy to discuss it more in detail. We need to go down the road of which way of the split in order to resolve this case or essentially the way Judge Brown did. I think this Court need not get involved in the split. I think if the issue is plain error, there's certainly no plain error here. And I'll just quickly note that the split only matters for cases before 2023. Congress has amended the statute since then, so this won't be a problem going forward. But this Court need not decide this issue one way or the other. It can simply say there's no plain error here and move on from there. Your Honors, if there are no more questions, we're happy to rest on the briefs. Thank you very much. All right, sir, thank you. Well, back again, Mr. Bennett. Thank you very much. It's nice to be back. This question of having or not having the image that's solicited, the government had to prove its case beyond a reasonable doubt, and the case that it had to prove beyond a reasonable doubt was that Mr. Jimenez had attempted to entice the minor victim to produce a lascivious exhibition of her genitals. The government's right. We don't have the image. And maybe if an image had been produced, this Court would be able to look at it and say, oh, that's within the four corners. That is a lascivious exhibition. Or possibly not. There are artistic depictions. And I'm not saying that this was intended for artistic purposes, of course, Judge Ramirez. I'm saying that you could have an image that is of the top part of a young girl's genitals that is not lascivious. You're just going off of Justice Stewart's famous, I know it when I see it. Not exactly, because we're not talking about pornography here. We're talking about something that has been specifically defined by the legislature. Well, some of us consider it pornographic to depict minors this way. Sure, absolutely. And if Congress had written a statute saying that any depiction of a minor's genitals is child pornography, then the Supreme Court would have issues with it. Because we've got to look at Williams and Ferber as well. And Williams and Ferber talk about the content of the image, that it's the content of the image that is dispositive. It's not what's in the head of the person who's trying to gather the image. The government had to prove it beyond a reasonable doubt, and they haven't. If they had an image, they might be able to. But attempt is included in this indictment. Sure, yes. But it's an intent to cause the child to produce a lascivious exhibition. And so that's where our disagreement really is. Was this necessarily, beyond a reasonable doubt, intended to... I'm sorry, may I? No, sure. Okay, was this necessarily beyond a reasonable doubt going to be, if he had had his way in requesting this image, was it necessarily and beyond a reasonable doubt going to be a lascivious exhibition, not in his head, because pretty clearly it was something that he wanted because it would arouse or gratify him, but to an objective observer looking at the image? This is where I stand. I can do no other. For those reasons, we ask that the court reverse the judgment of the trial court and render a judgment of acquittal on the first count of the indictment. Okay. Thank you. Thank you, sir.